UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

Samuel Higbe,                                       Civil File No. 5:13-cv-06119-DGK

         Plaintiff,

vs.

                                                       **ANSWER**

Midwestern Health Management, Inc.
d/b/a Northwest Financial Services,

         Defendant.

Defendant Midwestern Health Management, Inc., d/b/a Northwest Financial Services, ("MHM"), for its Answer to Plaintiff's Complaint and demand for jury trial, states and alleges as follows:

1. Denies each and every matter, allegation, and thing set forth in Plaintiff's Complaint except as hereinafter admitted, qualified or alleged.

2. In response to Paragraph 1 of the Complaint, denies the characterization of MHM's communication at issue in this lawsuit; alleges that MHM's contact with a third-party for the purpose of obtaining location information regarding Plaintiff is allowed under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"); admits that Plaintiff previously sued MHM.

3. In response to Paragraph 2 of the Complaint, admits that Plaintiff attempts to assert claims under the FDCPA and denies the same.

4. In response to Paragraph 3 of the Complaint, alleges that the allegations contained therein constitute legal conclusions to which no response is required; to the extent a response may be required, lacks information as to Plaintiff's residency status and Plaintiff's "mother's" residency status, but admits upon information and belief that venue is proper in this district.

5. In response to Paragraph 4 of the Complaint, admits that Plaintiff is a natural person; lacks information as to Plaintiff's residency status; alleges that the remaining allegations of this paragraph constitute legal conclusions to which no response is required.

6. In response to Paragraph 5 of the Complaint, admits that MHM is a Missouri corporation and is in the business of collecting accounts due to another in Missouri; alleges that the remaining allegations of this paragraph constitute legal conclusions to which no response is required.

7. In response to Paragraph 6 of the Complaint, alleges that the allegations contained therein constitute legal conclusions to which no response is required.

8. In response to Paragraph 7 of the Complaint, admits the allegations contained therein.

9. In response to Paragraph 8 of the Complaint, admits that MHM is in the business of collecting financial obligations.

10. In response to Paragraph 9 of the Complaint, admits that MHM regularly attempts to collect accounts due to another.

11. In response to Paragraph 10 of the Complaint, alleges that the allegations contained therein constitute legal conclusions to which no response is required.

12. In response to Paragraph 11 of the Complaint, alleges that the allegations contained therein constitute legal conclusions to which no response is required; to the extent a response may be required, admits that MHM may be vicariously liable for the acts of its agents and employees under some circumstances.

13. In response to Paragraph 12 of the Complaint, admits that Lacey, a representative of MHM, contacted an individual who identified herself as "Sally" on June 21, 2013 at approximately 8:05 a.m.; lacks information as to the relationship between "Sally" and

"Defendant Samuel Higbe;" alleges that MHM contacted "Sally" to obtain location information regarding Plaintiff.

14. In response to Paragraph 13 of the Complaint, admits that Lacey left a message; alleges that "Sally" volunteered to take a message for Plaintiff, which Lacey then confirmed, and only thereafter did Lacey leave the telephone number identified in this paragraph.

15. In response to Paragraph 14 of the Complaint, lacks information and belief as to the allegations contained therein.

16. In response to Paragraph 15 of the Complaint, admits that the telephone number identified therein is associated with MHM.

17. In response to Paragraph 16 of the Complaint, admits the allegations contained therein; and instead alleges that Lacey complied with the FDCPA requirements for contacts associated with acquiring location information as was done in the referenced call.

18. In response to Paragraph 17 of the Complaint, denies the allegations contained therein.

19. In response to Paragraph 18 of the Complaint, lacks information and belief sufficient to admit or deny the allegations contained therein, but admits that Plaintiff did call MHM.

20. In response to Paragraph 19 of the Complaint, lacks information sufficient to form a reasonable belief as to the truth of the allegations contained therein and puts Plaintiff to his strict proof; alleges that in any event MHM was authorized under the FDCPA to contact third-parties to obtain location information regarding Plaintiff.

21. In response to Paragraph 20 of the Complaint, denies the allegations and legal conclusions contained therein.

22. In response to Paragraph 21 of the Complaint, denies the allegations and legal conclusions contained therein.

23. In response to Paragraph 22 of the Complaint, denies the allegations and legal conclusions contained therein.

24. In response to Paragraph 23 of the Complaint, denies the allegations and legal conclusions contained therein.

25. In response to Paragraph 24 of the Complaint, lacks information as to the nature of Plaintiff's claimed damages, but in any event denies that Plaintiff is entitled to any damages from MHM.

26. Denies the allegations and legal conclusions contained Plaintiff's Prayer for Relief, including Subparts A through D.

27. Denies the allegations and legal conclusions in any unnumbered headings and paragraphs in Plaintiff's Complaint.

## Affirmative Defenses

28. Alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

29. Alleges that Plaintiff's statutory damages, which are denied, are limited by the FDCPA.

30. Alleges that Plaintiff's damages may have been caused by Plaintiff himself.

31. Alleges that Plaintiff failed to mitigate his damages.

32. Alleges that Plaintiff's damages, if any, were caused by others over whom Defendant has no control.

33. Defendant MHM reserves the right to assert other defenses as discovery and investigation proceed.

**WHEREFORE**, Defendant Midwestern Health Management, Inc. d/b/a Northwest Financial Services prays that Plaintiff take nothing by his pretended cause of action, that the lawsuit be dismissed with prejudice and on the merits, and that Defendant Midwestern Health Management, Inc. d/b/a Northwest Financial Services be awarded its costs and disbursements herein in responding to this action.

**Defendant also requests a jury trial on all issues triable to a jury.**

                **FRANKE SCHULTZ & MULLEN, P.C.**

                /s/ Pamela J. Welch
                Pamela J. Welch       MO #52821
                8900 Ward Parkway
                Kansas City, MO. 64114
                Telephone: 816-421-7100
                Facsimile: 816-421-7915
                pwelch@fsmlawfirm.com

                and

                Michael A. Klutho      MO#53424
                BASSFORD REMELE, P.A.
                33 S. Sixth Street, Suite 3800
                Minneapolis, MN 55407
                Telephone: 612-376-1619
                Facsimile: 612-333-8829
                mklutho@bassford.com
                **Attorneys for Defendant Midwestern**
                **Health Management, Inc.**
                **d/b/a Northwest Financial Services**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Terry L. Lawson Jr.   (MO 53203)
Lawson Law Center, LLC
700 East 8th Street, Suite 300
Kansas City, MO 64106
(816) 802-6677
(816) 802-6678 fax
terry@llckc.com
**ATTORNEY FOR PLAINTIFF**


  /s/ Pamela J. Welch
Attorney for Defendant Midwestern
Health Management, Inc.
d/b/a Northwest Financial Services